UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-cr-0356 KJM |
| Plaintiff, | |
| v. | ORDER |
| JORGE ALEJANDRO CEJA MENDOZA, | |
| Defendant. | |

Defendant Jorge Alejandro Ceja Mendoza, proceeding pro se[1], has filed a motion to reduce his sentence based on 18 U.S.C. § 3582(c)(2), ECF No. 108. Defendant relies on Amendment 782 to U.S.S.G. § 1B1.10, which lowered by two points the base offense level for most drug trafficking offenses. The Amendment applies retroactively to defendants sentenced prior to its effective date. *See Serrano v. United States*, 2014 WL 6773237 (E.D. Cal. 2014), slip op. at 1.

By minute order filed November 18, 2015, the government was ordered to file a response to the motion within sixty days, and defendant's reply, if any, was due fourteen days thereafter. ECF No. 361. The government filed a response to the motion on January 18, 2016.

---

[1] On October 29, 2015, the Office of the Federal Defender filed notice that it would not supplement defendant's pro se motion. *See* ECF No. 360.

1

ECF No. 362.  Defendant has not filed a reply.  After consideration of the moving papers, the opposition, relevant parts of the record, and applicable legal principles, the court hereby denies defendant's motion.

On December 12, 2012, defendant pleaded guilty to charges of conspiracy to distribute at least 500 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  *See* ECF Nos. 55, 57.  On April 2, 2014, defendant was sentenced to 81 months in prison.  ECF Nos. 248, 250.

The authority of the district courts to modify a prison sentence is governed by 18 U.S.C. § 3582.  In relevant part, § 3582(c)(2) provides:

> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

As the Ninth Circuit recognizes, "[t]he Supreme Court has clarified that section 3582(c)(2) requires a two-step inquiry."  *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)).  "First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G § 1B1.10."  *Id.* (citing *Dillon*, 560 U.S. at 827).  This is done "by 'determin[ing] the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing.'"  *Dunn*, 728 F.3d at 1155 n.3 (quoting *Dillon*, 560 U.S. at 827) (internal quotation marks omitted).  Generally, § 1B1.10 precludes reduction of a term of imprisonment below the minimum of the amended guideline range.  *Id.*  However, U.S.S.G. §1B1.10(b)(2)(B) authorizes a reduction below the

/////

/////

/////

2

amended guideline range for a defendant whose original sentence was below the applicable guideline range based on substantial assistance to the government.[2]

Here, defendant's commitment offense involved 3.4 kilograms of methamphetamine (actual). PSR ¶ 21.[3] At the time of defendant's sentencing, the sentencing guidelines provided a base offense level of 38 for that quantity of drugs. *Id*.; U.S.S.G. § 2D1.1(c)(1)(2012).[4] Defendant received a two level increase for use of a firearm. PSR ¶ 22. He received a two level "safety valve" decrease for meeting all five criteria in U.S.S.G § 5C1.2(a) providing a limitation on the applicability of statutory minimum sentences in certain cases. *Id*. ¶ 23. He also received a two level decrease for acceptance of responsibility and a one level reduction in anticipation of a motion by the government for timely notification of an intent to plead guilty, making his total offense level 35. *Id.* ¶¶ 27-29. His criminal history category was I, *id*. ¶ 32, making his sentencing guideline range 168 to 210 months in prison. *Id.* ¶ 50.

At sentencing, the court reduced defendant's offense level by an additional two points in anticipation of Amendment 782, reducing the total offense level to 33 and the applicable guideline range to 135 to 168 months in prison. *See* Statement of Reasons (SOR) at IB.[5] The court sentenced defendant to 81 months in prison, below the guideline range, based on the parties' U.S.S.G. §5K1.1 plea agreement, which was based on defendant's substantial assistance. *Id*. at 2.

/////

---

[2] U.S. Sentencing Guidelines Manual § 1B1.10((b)(2)(B) (2014) provides:

> (B) Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

[3] A copy of the Presentence Investigation Report (PSR) prepared for defendant's sentencing is filed under seal concurrently with this order.

[4] The 2012 Guidelines Manual was used in the preparation of defendant's PSR. PSR ¶ 19.

[5] A copy of the SOR is filed under seal concurrently with this order.

Amendment 782 lowered to 36 the base offense level for the quantity of drugs involved in defendant's offense. U.S.S.G. §2D1.1(c)(1)(2014). With all of the adjustments set forth above, defendant's total offense level under the current sentencing guidelines is 33 and the sentencing guideline range is 135 to 168 months in prison. U.S.S.G. Sentencing Table (2014). This is same as the total offense level and guideline range used by the court at defendant's sentencing. Consequently, the Amendment does not operate to reduce the guideline range in this case and does not authorize a reduction in defendant's sentence. *See* U.S.S.G. § 1B1.10.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant Jorge Alejandro Ceja Mendoza's motion to reduce sentence, ECF No. 357, is denied; and

2. The Clerk of the Court is directed to file under seal the Presentence Investigation Report and the Statement of Reasons prepared for defendant's sentencing.

DATED: May 20, 2016

UNITED STATES DISTRICT JUDGE